GLOBE LOAN & TRUST COMPANY, APPELLEE, V. JAMES W. ELLER, APPELLANT.

FILED JANUARY 23, 1901. NO. 9,362.

1. **Foreclosure: PARTIES: JUNIOR AND SENIOR LIENS: APPRAISEMENT.** A junior mortgagee in foreclosure proceedings, in which the senior mortgagee was not made a party, obtained a decree of foreclosure, directing the sale of the mortgaged property, subject to the senior mortgage of five thousand dollars. Certificates of liens and incumbrances provided for by sections 491b and 491c of the Code were waived, the property appraised and the interest of the mortgagor fixed at the gross appraised value, less the amount of the prior mortgage, to which the sale was made subject. *Held*, that the interest of the mortgagor and owner in the premises was properly appraised, and that the sale made thereunder was regular and in conformity with the decree.

2. **Evidence: APPRAISEMENT.** *Held*, also, that the evidence failed to show that the property was appraised so grossly low as to be constructively fraudulent.

APPEAL from the district court for Douglas county. Heard below before KEYSOR, J. *Affirmed.*

*J. W. Eller*, for appellant.

*George W. Shields*, contra.

HOLCOMB, J.

A junior mortgagee obtained a decree of foreclosure and an order for the sale of the mortgaged premises if the amount found due was not paid within a time therein stated. Under the pleadings and evidence, a decree was entered in favor of the junior mortgagee, subject to a prior mortgage of $5,000 on the same premises, the senior mortgagee not being made a party to the action; and the property was ordered sold to satisfy the amount found due in the decree, subject to the said prior mortgage of $5,000. An order of sale was duly issued on the decree, the property appraised, and the amount of the senior mortgage, as fixed in the decree, and to which the sale

of the premises was made subject, was deducted from the gross appraised value, and thereupon sold as in other cases. Objections to the appraisement and confirmation were entered, because, as alleged, the property was appraised too low, and did not sell for two-thirds of the appraised value, and because the appraisers were not authorized to deduct from the gross value of the premises the amount of the prior mortgage as fixed in the decree.

The certificates of liens and incumbrances provided for by sections 491*b* and 491*c* of the Code of Civil Procedure, were waived. The question thus directly presented is whether, in a sale of mortgaged premises on a decree in favor of a junior mortgagee which is ordered subject to a prior mortgage, the interest of the mortgagor or owner of the equity of redemption may properly be fixed at the gross value of the premises as made by the appraisers, less the prior mortgage, to which the sale is made subject by the terms of the decree. That the provisions of the sections referred to as to ascertaining prior liens and incumbrances are for the benefit of the plaintiff, and may be waived, has already been determined in the affirmative, and may now be regarded as the settled rule in this state. *Smith v. Foxworthy*, 39 Nebr., 214; *Craig v. Stephenson*, 15 Nebr., 362. The object of the proceedings begun by the junior mortgagee was to foreclose the equity of redemption of the owner of the premises. The priority of the senior mortgage was admitted, and the amount thereof was pleaded in the petition. The action, in its nature, is *in rem*. The interest of the mortgagor in the premises was susceptible, under the pleadings and the evidence, of ascertainment and determination more fully and accurately than would be possible by a certificate of either of the officers mentioned in the two· sections referred to. The senior mortgagee might properly be made a party, yet he was not a necessary party. *White v. Bartlett*, 14 Nebr., 320. It is within the power of the court to decree a sale of the premises subject to a prior

incumbrance. *Finley v. United States Bank*, 11 Wheat. [U. S.], 306; *Jerome v. McCarter*, 94 U. S., 734; *Wright v. Bundy*, 11 Ind., 398. The court had jurisdiction over the parties to the action and the subject-matter thereof. The mortgagor is, we think, being a party, concluded by the decree ordering a sale of the premises subject to the prior mortgage and finding the amount thereof. If he were dissatisfied, he should, by proper proceedings, have sought a correction of the error, if one existed. The attack now is collateral in its nature, and by objection to the confirmation of sale, it is sought to review the proceedings had in determining the interest of the mortgagor in the premises, which were directed to be sold in satisfaction of the second mortgage, it having therein been decreed that the property should be sold subject to a prior mortgage of $5,000. The decree is binding on the parties to the action, and we see no impropriety in the appraisement of the mortgagor's interest being made subject to, and lessened by, the prior lien found to exist thereon.

By section 491a it is provided that when an execution (in this case an order of sale) "shall be levied on any lands and tenements, the officer levying the same shall call an inquest, * * * and such officer, together with said freeholders, shall appraise said interest at its real value in money, and such appraisement shall be signed by such officer and said freeholders, respectively." This was done in the present instance by deducting from the gross value the amount of the first mortgage as found by the decree, and the property sold for two-thirds of its value as thus found. We find no valid objection as to the method of appraisal of the mortgagor's interest in the property included in the decree.

It is also claimed that the property was appraised at a figure so grossly low as to be constructively fraudulent. An examination of the evidence, which is conflicting, leads to the conclusion that the ruling of the district court as to this phase of the question is supported by

sufficient competent evidence, and the objection can not be said to be well taken.

The order of confirmation should be, and is,

AFFIRMED.